# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re: | |
| MS GRAND, INC. | Case No. 11-10200-RGM |
| Debtor. | (Chapter 7) |
| RAYMOND A. YANCEY, TRUSTEE, | |
| Plaintiff, | |
| v. | Adv. No. 12-1481-RGM |
| NORTH AND CICERO DEVELOPMENT, L.L.C., | |
| Defendant. | |
| NORTH AND CICERO DEVELOPMENT, L.L.C. | |
| Third-Party Plaintiff, | |
| v. | |
| SUPERVALU, INC. | |
| Third-Party Defendant. | |

## MEMORANDUM OPINION

This case is before the court on the motion of Supervalu, Inc. to dismiss the third-party complaint filed against it by North and Cicero Development, L.L.C. The motion will be denied.

The chapter 7 trustee seeks to avoid lease payments made by MS Grand, Inc., to North and Cicero Development, L.L.C., the landlord, under a lease with MS Grand Chicago, Inc., the tenant. The lease was guaranteed by Supervalu, Inc. The chapter 7 trustee of MS Grand, Inc. filed a complaint seeking to recover payments made by MS Grand to the landlord for rent as voluntary conveyances. The landlord filed a third-party complaint against the guarantor to recover from the

guarantor all lease payments that the trustee may recover from it.[1]  The guarantee was terminated on January 4, 2008 in connection with an assignment of the lease from MS Grand Chicago to another tenant.  The Release of Tenants' Liabilities Under Lease Agreement released:

> all of their duties, obligations and liabilities under the Lease arising or accruing from and after [January 16, 2008] and agrees that from and after [January 16, 2008] each of the Released Parties shall have no further duties, obligations or liabilities under the lease whatsoever; provided, however, the Released Parties shall not be released from any liabilities and/or obligations accruing prior to [January 16, 2008].

Third-Party Complaint, Ex. B, Release of Tenants' Liabilities Under Lease Agreement at 1-2.

The trustee's complaint seeks to avoid as constructively fraudulent under 11 U.S.C. §554 and Md. Code Ann., Com. Law §§15-204, -205, and -206 transfers from MS Grand to the landlord for rental payments made by the debtor to the landlord on November 1, 2007, November 30, 2007, and January 9, 2007, payments that preceded the release of the guarantor's guarantee.

The landlord and the guarantor dispute whether the release eliminated the guarantor's liability for payment of the rent payments if the trustee successfully avoids the payments.  The guarantor argues that the release eliminated its liability under the guarantee even if the trustee is successful in avoiding the payments.  It asserts that the transfer is voidable, not void, and is valid until avoided. Any avoidance of the transfer is only upon a final, nonappealable order avoiding the transfers, which did not occur prior to January 16, 2008, the date of the release. Thus liability did not arise or accrue until after January 16, 2008 when the guarantee was released.  The landlord argues that the payment, if avoided by the trustee as a fraudulent transfer, would be void *ab initio*,

---

[1] The lease was originally between the landlord and Supervalu Holdings, Inc., a subsidiary of the guarantor. MS Grand Chicago became the tenant by virtue of an assignment of the lease. On January 16, 2008, it assigned the lease to a new tenant. MS Grand (the debtor) and MS Grand Chicago are separate, but related entities. The trustee asserts that this is a "wrong payer" case, that is, the rent was paid by the debtor which had no obligation to pay the rent. The rent should have been paid by MS Grand Chicago. Thus, the trustee asserts, the debtor made a voluntary conveyance, receiving no consideration for the transfers.

and the guarantor's liability would, therefore, arise and accrue as of the date that the payments were made, which is prior to January 16, 2008. The landlord asserts that the release does not affect the guarantor's liability for the payments that the trustee seeks to avoid.

On a motion to dismiss a complaint pursuant to Fed.R.Bankr.Proc. 7012(b), a court "construes the evidence in the light most favorable to the non-movant," *E.E.O.C. v. Seafarers Int'l Union*, 394 F.3d 197, 200 (4th Cir. 2005), and "should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff," *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). For the purposes of this motion, the facts alleged by the landlord in its third-party complaint will be accepted as true.

Under Maryland law, a transfer found to be fraudulent is void as against creditors. Md. Code Ann. Com. L. §209(a) provides that a creditor either may "have the conveyance set aside or obligation annulled to the extent necessary to satisfy the claim" or "levy on or garnish the property conveyed as if the conveyance were not made." The words "set aside", "annulled" and "as if the conveyance were not made" indicate that Maryland law treats a fraudulent conveyance as vacated. The statute makes no distinction between an actual fraudulent conveyance and a constructively fraudulent conveyance. The Maryland Supreme Court stated "[a] voluntary conveyance made by an insolvent to his child is void as against creditors existing at the time of conveyance," *Westminster Sav. Bank v. Sauble*, 189 Md. 628, 630, 39 A.2d, 862, 863 (1944), and a conveyance made by a husband in anticipation of his wife's suit and to prevent her from obtaining alimony "is fraudulent and may be set aside." *Oles Envelope Corp.,* 193 Md. 79, 89, 65 A.2d 899, 903 (Md. 1949). "The Uniform Fraudulent Conveyance Act renders null and void" transfers deemed to be fraudulent. *Scott Myles,* MARYLAND LAW ENCYCLOPEDIA, FRAUDULENT CONVEYANCES, §1 (2014) (*citing Lutherville*

*Supply & Equipment Co. v. Dimon*, 232 Md. 195, 192 A.2d 496 (1963); *Westminster Sav. Bank v. Sauble*, 183 Md. 628, 39 A.2d 862 (1944)).

This case is no different than if the landlord had not been paid the rent in the first place. If the rent was not paid at the time it was due, the landlord would have been entitled to look to the guarantor for payment. The guarantor would not be entitled to assert a defense under the release because it became effective after the rent was due. In this case, if the transaction is void, it is as if the landlord had not been paid the rent due to it under the lease and the landlord would be entitled to look to the guarantor.

The guarantor cites *Albertstadt v. Sovran Bank/Maryland*, 71 Md. App. 615, 526 A.2d 986 (Md. App. 1987), in support of its argument that accrual is as of the date that the bankruptcy court determines that the transaction is avoided as a fraudulent conveyance. *Alberstadt* involved a preference, not a fraudulent conveyance. Under Maryland law, a fraudulent transfer is void as against a creditor of the transferee. *Westminster Sav. Bank v. Sauble*, 189 Md. 628, 630, 39 A.2d, 862, 863 (1944); MD. CODE ANN. COM. L. §15-209(a) (a creditor may have a fraudulent conveyance "set aside or obligation annulled to the extent necessary to satisfy the claim.").

"When the fraudulent transfer is avoided, the parties are restored to their previous positions." *In re Best Products Co.,* 168 B.R. 35, 57 (Bankr. S.D.N.Y. 1994); *see also In re Dolata,* 306 B.R. 79, 135 (Bankr. W.D. Pa. 2004) ("[T]he appropriate recovery for the Trustee under §550(a)(1) is that which restores the situation to its status quo as of [the date of transfer]."); 1 G. Glenn, Fraudulent Conveyances and Preferences, §§111 at 221 and 113 at 223 (1940) ("[W]hen a [fraudulent] conveyance is avoided, the parties are restored to their former position"). As a general rule, this includes allowing the defendant to offset any value paid or costs incurred in maintaining the asset

conveyed. *Stanko v. C.I.R.*, 209 F.3d 1082, 1086-87 n.5 (8th Cir. 2000).

The release remains effective as to rental payments made before the termination of the release and which are avoided as fraudulent conveyances after the termination of the release. The motion to dismiss will be denied.

Alexandria, Virginia
June 19, 2014

      /s/ Robert G. Mayer
      Robert G. Mayer
      United States Bankruptcy Judge

Copy electronically to:

Timothy J. Lynes
George R. Pitts

19301